**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

In re

Gary Tyler Carrington
and Sandra Jean Carrington

                                  CHAPTER    7
                                  CASE NO.    2:21-bk-00880-FMD

        Debtor(s)
_____/

**MOTION FOR RELIEF FROM STAY FILED BY SPECIALIZED LOAN SERVICING LLC REGARDING REAL PROPERTY**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Bankruptcy Court, 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney (Nicole Mariani Noel, Kass Shuler, P.A., P.O. Box 800, Tampa, Florida 33601) within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.**

**If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.**

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

       SPECIALIZED LOAN SERVICING LLC ("Creditor"), pursuant to §§362(d)(1) and (2) of the Bankruptcy Code, hereby moves this Court for entry of an order granting relief from stay as to the bankruptcy estate and as to the Debtor(s), and states:

       1.      For value received, the Debtor(s) executed and delivered a Promissory Note ("Note") as evidence of indebtedness to Creditor.

       2.      The Debtor executed and delivered a Mortgage to Creditor securing said indebtedness with the following property: **REAL PROPERTY LOCATED: 16590 GOLDENROD LN, #103 ALVA, FL 33920, LEGALLY DESCRIBED AS: THE LAND**

REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LEE, STATE OF FL. AND IS DESCRIBED AS FOLLOWS:

THE FOLLOWING DESCRIBED REAL PROPERTY SITUATED, LYING AND BEING IN LEE COUNTY, FLORIDA, TO WIT:

**THE CONDOMINIUM PARCEL KNOWN AS HOME 103-Q OF ASHTON OAKS AT RIVER HALL, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORDS INSTRUMENT #200600460705 OF THE PUBLIC RECORDS OF LEE COUNTY, FLORIDA, AND ANY AND ALL APPURTENANT THERETO, TOGETHER WITH AN UNDIVIDED INTEREST IN AND TO THE COMMON ELEMENTS APPURTENANT THERETO AS SPECIFIED IN SAID DECLARATION.** ("Collateral").

3. Movant is entitled to enforce the Note and Mortgage. Copies of the relevant loan document(s) are attached hereto as Exhibit "A" & "B".

4. The Debtor(s) defaulted under the terms of the Note and/or Mortgage with Creditor by failing to make all payments when due.

5. The Debtor(s), and the estate, have made no offer of adequate protection to Creditor regarding Creditor's interest in the Collateral. Creditor, therefore, lacks adequate protection.

6. The Collateral is diminishing and decreasing in value and continues to do so by virtue of the continued use of the Collateral by the Debtor(s) without payments to Creditor.

7. The Debtor(s) and the estate may lack equity in the Collateral.

8. The Collateral is not necessary to an effective reorganization.

9. Pursuant to the terms of the Promissory Note / Contract between the parties, the Debtor(s) is/are obligated to pay Creditor's reasonable attorneys' fees and court costs. Creditor has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services rendered in connection with this Motion. Creditor requests fees and costs be approved for the filing of this Motion, not to exceed $638.00 ($450.00 Attorney fee and $188.00 filing

cost).

10. Creditor asserts sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing an Order to be effective upon this Honorable Court's signature. In addition Creditor prays that the Court suspend the Rule in all instances in which there is a Consent on the part of the Debtor(s).

11. The Debtor intends to surrender the collateral per the Statement of Intention.

12. The unpaid principal balance due is in the amount of $199,275.47.

13. The account at issue is presently due for the payment due June 1, 2021 and all subsequent payments which have come due through the date of this Motion.

WHEREFORE, Creditor requests that the Court enter an order modifying or terminating the automatic stay as to the Debtor(s) and to the estate to permit Creditor to enforce its in rem contractual and state law remedies as against the Collateral and for such other relief as requested above.

/s/ Nicole Mariani Noel
Nicole Mariani Noel
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax:    (813) 229-3323
nmnoel@kasslaw.com
Florida Bar No. 69883

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on July 13, 2021, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 1001-2 to: Gary Tyler Carrington and Sandra Jean Carrington, 16590 Goldenrod Lane, #103, Alva, FL 33920; Jonathan M Bierfeld 3701 Del Prado Boulevard, South, Cape Coral, FL 33904; Luis E. Rivera, II, Trustee P.O. Box 1026, Fort Myers, FL 33902-1026.

/s/ Nicole Mariani Noel
Nicole Mariani Noel (x1343)

2116908/jaw